[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 21, 1994 this court heard considerable testimony from the parties and others concerning the following motions: Motion to Adjudge Defendant in Contempt (#129); Motion for Contempt (#130); Motion for Contempt (#131); Motion to Modify Order of Visitation (#132); Motion to Compel Discovery and for Sanctions (#133).
The court (Pittman, J.) has previously entered well-considered CT Page 25 orders concerning visitation of the four minor children with the defendant. The testimony heard by the court demonstrates that the parties, particularly the defendant, have experienced a great deal of difficulty in complying with those orders. Effective January 6, 1995, the visitation schedule will change significantly, affording the defendant a full weekend's visitation on three weekends out of every four. The court believes that this change may improve the visitation conditions and will make no change in the established visitation schedule at this time. Therefore, the plaintiff's Motion to Modify Order of Visitation (#132) is denied.
The court also concludes, however, that the defendant has been responsible for much of the difficulty surrounding the visits with his children to date, and that significant changes are required in his behavior if a successful visitation schedule is to be maintained. Therefore, the court orders that the defendant:
 1. Refrain completely from any displays of anger toward the plaintiff or any persons accompanying the plaintiff when the children are brought to the defendant's residence and when the children are returned by the defendant to their residence with the plaintiff;
 2. Maintain open communication with the plaintiff concerning the children's welfare and refrain from refusing to make calls to or accept calls from the plaintiff during the visitation periods;
 3. Provide to the plaintiff by January 8, 1995 a specific plan of transportation of the children from New York City to their residence with the plaintiff, including the train schedules to be followed by the defendant;
 4. Permit free communication by the children with the plaintiff at all reasonable hours;
 5. Provide the plaintiff with adequate notice whenever he intends to terminate visitation more than one hour earlier than the scheduled time.
The defendant is further ordered to participate in the statutorily-prescribed parenting education program and provide a CT Page 26 certification of successful completion of the program within 90 days. The court notes that the plaintiff is already subject to a similar order.
The court's principal consideration in entering these orders is the best interest of the four minor children. Those interests will not be served by continued visitation with the defendant unless those visitations can be carried out in a calm atmosphere, with completely open lines of communication between the plaintiff and the defendant and with clearly defined expectations regarding scheduling and transportation. The orders directed toward the defendant are intended to promote such an atmosphere. In the event that such an atmosphere is not maintained during future visitation periods the childrens' attorney or the plaintiff's attorney shall request further orders of the court relative to visitation.
The plaintiff is ordered to cooperate fully in implementing the visitation schedule. With respect to the child Victoria, the plaintiff is to use her best efforts to have Victoria participate in visitation with the defendant, short of physically forcing her to do so.
The court denies the defendant's Motion for Contempt (#130). Any deviations from the court-ordered visitation schedule were not wilful.
The court has examined the defendant's financial affidavit of October 26, 1994. At the hearing on December 21, the court received testimony from the defendant that, while there have been some changes in his "balance sheet" (which the court understands to mean his outstanding assets and liabilities), the income and expenses shown on the financial affidavit of October 26, 1994 remain substantially unchanged. Therefore, the court grants the plaintiff's Motion to Adjudge Defendant in Contempt (#129), insofar as it relates to the defendant's failure to make the court-ordered payments of unallocated alimony and child support, pendente lite, of $2,000 per week. The court finds an arrearage in the amount of $6,000 as of the date of the hearing, December 21, 1994. The court orders that the arrearage be paid by the defendant by his increasing the next six weekly payments by $1,000 each until the arrearage is paid off. The court imposes no additional sanctions on the defendant.
The court has examined the previous Memorandum of Decision of October 26, 1994 and found no reference therein to a requirement CT Page 27 that the defendant provide a car seat for use during visitation with the parties' daughter, Caroline, and no other evidence has been provided that there is such an order. Therefore, the court denies the plaintiff's Motion to Adjudge Defendant in Contempt (#129) insofar as it relates to that allegation. The defendant, of course, must comply with Section 14-100a(d) of the Connecticut General Statutes, which requires that a "child restraint system" be provided for any child less than four years old who weighs under forty pounds. The complaint in this matter indicates that Caroline will not be four years old until April 3, 1995. No evidence was presented as to her current weight. Therefore, in the absence of any evidence that Caroline weighs forty pounds or more, the court orders that the defendant provide a car seat for her until she reaches her fourth birthday on April 3, 1995.
The Memorandum of Decision of October 26, 1994 requires the defendant to pay the counsel for the minor children a total retainer of $5,000, only $1,500 of which has been paid to date. The Memorandum allows the defendant to use the childrens' UGMA accounts for this purpose. Defendant's financial affidavit of October 26, 1994 indicates that these accounts under his control provide ample funds for this purpose. Therefore, the court orders the defendant to pay to Attorney Reath the balance of the retainer due, $3,500, by January 13, 1995, utilizing the funds available in the childrens' UGMA accounts.
Finally, restating the court's ruling announced at the hearing on December 21, 1994, the court orders the defendant to comply with the plaintiff's request for disclosure and production dated October 19, 1994 by no later than Wednesday, January 25, 1995. In view of the fact that the thirty-day period for filing objections has long since passed, the defendant may not file any objections to the request but is required to answer all interrogatories and produce all documents requested.
The court had ample opportunity to observe the demeanor of the parties to this action at the hearing on December 21, 1994. Based on those observations, the court strongly suggests to the defendant that he retain counsel who can advise him as to his obligations and rights in this matter and as to the proper procedures for him to employ. Further, the court suggests that the defendant enter into a course of individual counselling to assist him in dealing with the obvious stress created by the situation in which he finds himself. While these are not orders of the court, the court believes that the best interests of the children would be furthered CT Page 28 by the defendant's pursuit of these courses of action.
In all respects not mentioned in this memorandum, the orders entered on October 26, 1994 remain in effect.
Joseph M. Shortall, Judge